IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

O'NEIL ANTHONY CLARKE,

   Petitioner,

v.            CIVIL ACTION NO.: CV205-229

Warden NELSON,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner O'neil Anthony Clarke ("Clarke"), an inmate currently incarcerated at Autry State Prison in Pelham, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Glynn County. Respondent filed an Answer-Response and a Motion to Dismiss. Clarke has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Clarke pleaded guilty in Glynn County Superior Court to one count of armed robbery on February 9, 2000. Clarke was sentenced on the same day to ten years' imprisonment. He did not file an appeal. Clarke filed a state habeas corpus petition in the Habersham County Superior Court on October 16, 2003, challenging his 2000 conviction. The state habeas corpus court conducted an evidentiary hearing and denied Clarke's requested relief. The Georgia Supreme Court denied Clarke's application for a certificate of probable

AO 72A
(Rev. 8/82)

cause to appeal on September 20, 2005. (Resp't's Br., p. 1.)[1] Clarke filed the instant petition on November 29, 2005. Respondent asserts that Clarke's petition was untimely filed.

## DISCUSSION AND CITATION OF AUTHORITY

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

---

[1] Respondent cites to exhibits in his Brief as support for his position that Clarke's petition is untimely filed. However, Respondent failed to file these exhibits with the Court. Nonetheless, these exhibits would be superfluous, as Clarke's account of the procedural history of his case coincides with Respondent's account.

2

AO 72A
(Rev. 8/82)

It is undisputed that the AEDPA applies to this section 2254 petition, as Clarke filed it on November 29, 2005, more than nine (9) years after the April 24, 1996, enactment of the AEDPA. Clarke's conviction became final at the time of his completion of the direct review process or at the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Clarke entered a guilty plea in the Glynn County Superior Court on February 9, 2000; he did not file a direct appeal. Thus, his convictions became final on or about March 10, 2000. See O.C.G.A. § 5-6-38 (noting that a notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of).

Clarke did not file the instant petition until November 11, 2005, which is more than five (5) years after he pleaded guilty in the Glynn County Superior Court. Clarke did not file a state habeas corpus petition until October 16, 2003, more than three (3) years after he pleaded guilty. The applicable statue of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, this statutory provision is not applicable to the case sub judice because Clarke's statute of limitation expired before he even filed his state habeas corpus petition. Clarke's federal habeas petition was filed well outside of the one year statute of limitation available under 28 U.S.C. § 2244(d)(1). Accordingly, Clarke is not entitled to his requested relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED**. Clarke's petition, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 17th day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE